UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA      )
                                  )
v.                                )     No.:   2:09-CR-031
                                  )
MARTINA YEARY              )

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 1284]. The defendant asks the court to resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [doc. 1293]. The United States argues that the defendant is not eligible for a sentence reduction because Amendment 782 has no effect on her statutorily-mandated term of imprisonment.

## I.    Background

By judgment dated July 28, 2010, this court sentenced the defendant to a term of imprisonment of 120 months as to Count One (conspiracy to distribute and possess with the intent to distribute cocaine base).  The defendant's advisory guideline range was 168 to 210 months, based on a total offense level of 31 and a criminal history category of V. By statute, Count One required a mandatory sentence of at least 120 months' imprisonment.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1.  The court granted the motion and departed downward to 120 months - the lowest available sentence under the defendant's statute of conviction.

## II.    Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to guideline 1B1.10 explains in relevant part that

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Presuming, without deciding, that Amendment 782 would lower the defendant's advisory guideline range, the fact remains that Amendment 782 does not lower any *statutory* penalties. The court is genuinely pleased with the rehabilitative efforts cited in the defendant's motion. However, that does not change the fact that she has already received the lowest available sentence under her statute of conviction. The defendant is therefore not entitled to Amendment 782 relief.

## III.    Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 1284] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3